**Philip M. Lebenbaum, OSB #860621**
Hollander, Lebenbaum & Gannicott
1500 SW First Avenue, Suite 700
Portland, Oregon 97201-5825
Telephone:    (503) 222-2408
Facsimile:    (503) 222-0659
E-mail: phil@hollanderlaw.com

FILED 11 FEB 15 15:49 USDC-ORP

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| GEORGE RAY,<br><br>    Plaintiff,<br><br>        v.<br><br>YAMHILL COMMUNITY ACTION PARTNERSHIP, an Oregon domestic non-profit corporation,<br><br>    Defendant. | USDC No.: CV '11 - 196 BR<br><br>**COMPLAINT**<br><br>(FSLA and FMLA Claim)<br><br>(Jury Trial Requested)<br><br>PRAYER: $100,000.00 |

**NATURE OF THE ACTION**

1.

This is an action by George Ray ("Ray"), a former employee of Yamhill Community Action Partnership ("YCAP"), for violation of the Family Medical Leave Act and failure to pay wages for all hours worked.

1 - COMPLAINT

## PARTIES

2.

Ray is a citizen of the State of Oregon and resides in Vernonia, Oregon.

3.

YCAP is an Oregon domestic non-profit corporation which, in part, provides transitional housing to assist persons to self-sufficiency in the Yamhill County community.

4.

YCAP employs more than fifty persons.

## JURISDICTION

5.

28 USC § 1331 grants the District Courts of the United States original jurisdiction of all civil actions arising under the laws of the United States. This action is brought pursuant to 29 USC § 2601 *et seq*.

## VENUE

6.

Venue is proper because both Plaintiff and Defendant reside in the district of Oregon and all activities complained of occurred within the State of Oregon.

## FACTS COMMON TO ALL CLAIMS

7.

Ray was hired by YCAP as a shelter resident manager in 2007.

8.

As shelter resident manager, Ray was required to be on site from 5:00 p.m. daily following his work as a school teacher in Dayton, Oregon. He was required to live on the site for

2 - COMPLAINT

the evening until he went to work the following morning at 7:00 a.m. His job was to maintain the shelter as transitional housing for citizens of Yamhill County.

9.

Ray was paid $200.00 a month for his work as a shelter resident manager.

10.

Ray maintained his domicile with his wife in Vernonia, Oregon.

11.

In late October 2009, Ray underwent surgery for a serious medical condition. He took some leave and then returned to work. Ray requested further leave in December of 2009.

12.

On December 13, 2009, Ray requested that his leave be extended until the first of the year.

13.

On December 14, 2009, the following day, YCAP terminated Ray indicating that he had no leave accrued.

## FIRST CLAIM FOR RELIEF

### Failure to Pay Wages – ORS 652.120

14.

In violation of ORS 652.120, YCAP failed to pay Ray wages for all hours worked.

//

//

//

//

3 - COMPLAINT

## SECOND CLAIM FOR RELIEF

### Failure to Pay Minimum Wage – ORS 652.025

15.

In violation of ORS 652.025, YCAP failed to pay Ray minimum wages for all hours worked.

## THIRD CLAIM FOR RELIEF

### Penalty Wages for Failure to Pay Minimum Wage – ORS 653.055

16.

Ray provided notice of YCAP's failure to pay minimum wages more than twelve days prior to filing this Complaint. Ray is thus entitled to a penalty wage equal to thirty days' pay.

## FOURTH CLAIM FOR RELIEF

### Penalty Wages for Failure to Pay Over-Time – ORS 653.055

17.

Notice of the failure to pay over-time wages was provided to YCAP more than twelve days prior to filing this Complaint.

## FIFTH CLAIM FOR RELIEF

### Failure to Pay Minimum Wage – 29 USC Sec. 206(a)(1)

18.

In violation of 29 USC Sec. 206(a)(1), YCAP failed to pay Ray minimum wages for each hour worked. Ray is entitled to minimum wage for all hours worked and pursuant to 29 USC Sec. 216(b), Ray is entitled to liquidated damages in an amount equal to the unpaid minimum wage as well as payment of the minimum wage for all hours worked.

## SIXTH CLAIM FOR RELIEF

### Failure to Pay Over-Time – 29 USC 207(a)(1)

19.

Ray worked approximately twenty hours in excess of forty hours per week. In violation of 29 USC 207 *et seq.*, YCAP failed to pay Ray over-time wages for hours worked in excess of forty per week.

20.

Ray is entitled to a penalty wage equal to thirty day's pay for YCAP's failure to pay over-time pursuant to ORS 653.055.

## SEVENTH CLAIM FOR RELIEF

### Liquidated Damages for Failure to Pay Over-Time – 29 USC Sec. 216(b)

21.

Pursuant to 29 USC Sec. 216(b), Ray is entitled to liquidated damages in an amount equal to the unpaid over-time wages for YCAP's failure to pay over-time.

## EIGHTH CLAIM FOR RELIEF

### Family Medical Leave Act – 29 USC § 2601 *et seq.*

22.

Pursuant to 29 USC § 2601 *et seq*, an employer who employs fifty or more persons is required to grant leave for up to twelve weeks per calendar year to an employee for serious medical reasons.

23.

Defendant YCAP violated 29 USC § 2601 *et seq* by denying leave to Plaintiff Ray in December of 2009.

5 - **COMPLAINT**

24.

As a direct result of Defendant YCAP's violation of 29 USC 2615, Plaintiff Ray has lost wages in an amount to be proven at trial.

25.

Additionally, 29 USC § 2617 allows for interest and liquidated damages equal to the amount of lost wages.

26.

Pursuant to 29 USC § 2617 a Court may allow to the Plaintiff reasonable attorney's fees, reasonable expert fees and other costs of this action to be paid by Defendant.

## NINTH CLAIM FOR RELIEF

### Oregon Family Leave Act – ORS 659A.150 *et seq.*

27.

Defendant YCAP employed twenty-five or more persons in the State of Oregon for the calendar year prior to Plaintiff Ray's attempt to take leave.

28.

Plaintiff Ray was employed by YCAP for over one-hundred and eighty days prior to the date on which his family leave would have commence.

29.

Plaintiff Ray worked an average of greater than twenty-four hours per week for YCAP for the year prior when the family leave commenced.

30.

Pursuant to ORS 650A.162 Plaintiff Ray, as an eligible employee is entitled to twelve weeks of family leave for the purposes identified in ORS 659A.159.

6 - COMPLAINT

31.

In December 2009, Plaintiff Ray requested OFLA leave to seek treatment for and recover from a serious health condition. Defendant YCAP violated ORS 659A.162 by denying leave to Plaintiff Ray in December 2009.

32.

As a direct result of Defendant YCAP's violation of ORS 659A.162, Plaintiff Ray has lost wages in an amount to be proven at trial. Additionally, ORS 659A.885 allows for the recovery of compensatory damages and reasonable attorney's fees as well as costs of the litigation to a prevailing plaintiff.

33.

Plaintiff herein requests a jury trial.

WHEREFORE, Plaintiff prays for judgment as follows:

On his wage claims, Plaintiff is entitled to:

1. Minimum wage for all hours worked;
2. Over-time pay for all hour worked in excess of forty hours per week;
3. Liquidated damages in an amount equal to unpaid over-time wages and unpaid minimum wages;
4. Reasonable attorney's fees; and
5. Costs and disbursements herein.

On his FMLA claim, Plaintiff is entitled to:

1. Past wage-loss from January 1, 2010 through the present;
2. Future wage-loss in an amount to be determined at trial;

7 - COMPLAINT

3. Damages in the amount of past wage-loss from January 1, 2010 through date of trial;

4. Reasonable attorney's fees, expert fees and costs incurred herein; and

5. Other relief the Court believes is just and equitable.

DATED this 15 day of February 2011.

Respectfully Submitted:

HOLLANDER, LEBENBAUM & GANNICOTT

_____
Philip M. Lebenbaum, OSB #860621
Of Attorneys for Plaintiff

8 - COMPLAINT